# CIRCUIT COURT OF ROCKINGHAM COUNTY

Robert E. Reed, Sr.

v.

Robert E. Reed, Sr.,
Executor of the Estate of
Thelma S. Reed,
deceased, et al.

May 25, 2006

Case No. CH04-00547

BY JUDGE JOHN J. MCGRATH, JR.

This matter came to be heard on the 1st day of May 2006 on the plaintiff's claim for an elective share of Thelma Stickley Thornton Reed's estate pursuant to § 64.1-13 of the Code of Virginia (1950), as amended. The plaintiff appeared with counsel. Defendants Carolyn Shifflett, Peggy T. Randall, and Robert E. Reed, II, appeared *pro se*. The Court heard testimony from the parties present at the hearing and took the case under advisement to further consider whether the real property located at 300A 15th Street, Grottoes, Virginia, is includible in the decedent's augmented estate.

Thelma Stickley Thornton Read, a resident of Rockingham County, died intestate on February 20, 2004. She was survived by her husband, Robert E. Reed, Sr. ("Reed"), one child born of the marriage (defendant Robert E. Reed, II) and five children born of a previous marriage (defendants Eugene W.

Thornton, Carolyn Shifflett, Peggy T. Randall, Mary E. Thornton, and Harvey W. Thornton). Reed qualified as Administrator of the decedent's estate on March 11, 2004.

On May 5, 2004, Reed filed a claim for family and exempt property allowance pursuant to §§ 64.1-151.1 and 64.1-151.4 of the Code of Virginia (1950), as amended. On August 25, 2004, Reed filed a claim for an elective share of the decedent's augmented estate pursuant to § 64.1-13 of the Code of Virginia (1950), as amended. Virginia's law of descent and distribution provides that the surviving spouse of a decedent who is survived by children of a prior marriage is entitled to one-third of the decedent's probate estate. Va. Code § 64.1-1. By claiming his statutory one-third share of the decedent's augmented estate, Reed seeks to include in the calculation of his share certain real property appraised at $120,000.00.

By deed of gift dated December 18, 2000, the decedent transferred real property located at 300A 15th Street, Grottoes, Virginia, to her daughter, Mary Elle Thornton. The decedent reserved a life estate in the property. Reed testified that he knew of the transfer and that he did not object to it. However, he did not consent in writing. The decedent and her previous husband, Eugene E. Thornton, had acquired part of the property as tenants by the entireties in 1957. Full fee simple title was vested in the decedent upon the death of Eugene Thornton in 1970. The remaining portion of the property transferred to Mary Elle Thornton had been acquired by the decedent from the Town of Grottoes in 1989 during her marriage to Reed.

Section 64.1-16.1(A)(3) of the Code of Virginia (1950), as amended, requires inclusion in the augmented estate of:

> the value of property transferred to anyone other than a bona fide purchaser by the decedent at any time during the marriage to the surviving spouse, to or for the benefit of any person other than the surviving spouse, to the extent that the decedent did not receive adequate and full consideration in money or money's worth for the transfer, if the transfer is of any of the following types:
>
> a. Any transfer under which the decedent retained for his life, for any period not ascertainable without reference to his death or for any period which does not in fact end before his death, the possession or enjoyment of, or right to income from, the property. . . . or
>
> d. Any transfer made to or for the benefit of a donee within the calendar year of the decedent's death or any of the five preceding calendar years to the extent that the aggregate

value of the transfers to the donee exceeds $10,000 in that calendar year.

.Thus, by statute, the value of the 15th Street real estate is includible in the augmented estate because of the decedent's reservation of a life estate and the gratuitous transfer of the property less than five years prior to her death. The questions raised by the Court were whether the real estate should be excluded under § 64.1-16.1(B) either as having been made with the consent of the surviving spouse or as the decedent's separate property. The relevant portions of the aforementioned statute are as follows:

> B. Nothing herein shall cause to be included in the augmented estate (i) the value of any property transferred by the decedent during marriage with the *written consent or joinder* of the surviving spouse; [or] (ii) the value of any property, *its income or* proceeds, received by the decedent by gift, will, intestate succession, or any other method or form of transfer to the extent it . is received without full consideration in money or money's worth, before or during the marriage to the surviving spouse, from a person other than the surviving spouse to the extent such property, income, or proceeds were *maintained by the decedent as separate property. . . .*

(Emphasis added.)

A plain reading of subparagraph B(i) indicates that the consent of the surviving spouse must be obtained in writing. See *Chappell v. Perkins*, 266 Va. 413, 587 S.E.2d 584 (2003) (finding the surviving spouse's signature on deed of conveyance insufficient because surviving spouse had not consented to a diminution of the decedent's augmented estate). The purpose of the augmented estate statute is to protect the surviving spouse against disinheritance due to the decedent's having transferred property out of her estate shortly before death. The requirement that the surviving spouse's consent be in writing further protects the interests of the surviving spouse in the decedent's estate. Since Reed did not consent or join in the transfer in writing, subparagraph (B)(i) does not exclude the real property from the augmented estate.

Nor does the separate property limitation of subparagraph (B)(ii) cause exclusion of the real property. To the extent that the property was received by the decedent without full consideration upon the death of Eugene Thornton, the Court finds that it was not maintained by the decedent as separate

property. "[T]he classification of . . . property can be changed from separate to marital by the nature and character of its use and maintenance by the parties during the marriage." *Virginia Practice Series, Family Law: Theory, Practice and Forms*, § 11:12 (2004 ed.); see *Smoot v. Smoot*, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987). Reed lived in the house with the decedent throughout their marriage. He continues to reside on the property with Mary Elle Thornton. Marital assets in the form of Reed's wages were used to build an addition onto the house and for numerous other improvements and repairs. The 15th Street property and improvements thereon were commingled with marital property to the extent that they lost their separate identities. Thus, it was transmuted into marital property, rendering § 64.1-16.1(B)(ii) inapplicable.

Since the value of the real estate is includible, the gross value of the decedent's augmented estate is $202,228.92. Subtracting Reed's family allowance, $15,000, and exempt property allowance, $18,000, the net value of the augmented estate is $169,228.92. Reed's one-third elective share in the decedent's net augmented estate is $56,409.64.

"In determining the elective share, values included in the augmented estate which pass or have passed to the surviving spouse . . . are applied first to satisfy the elective share and to reduce any contributions due from other recipients of transfers included in the augmented estate." Va. Code § 64.1-16.2. The decedent's assets in two checking accounts at BB&T and Rockingham Heritage Bank were received by Reed by right of survivorship. Accordingly, the sum of approximately $15,357.09 in the two checking accounts shall be applied first to satisfy Reed's elective share. The remaining $41,052.55 balance of the elective share plus interest thereon from the date of decedent's death shall be equitably apportioned among the recipients of the augmented estate in proportion to the value of their interests therein. Va. Code §§ 64.1-16; 64.1-16.2.

## Order

For the reasons set forth above, the Court finds that the plaintiff's elective share in the decedent's augmented estate is $56,409.64. It is hereby ordered, adjudged, and decreed that the plaintiff shall have judgment against the defendants in the amount of the unsatisfied portion of his elective share: $41,052.55, together with interest thereon at the legal rate from February 20, 2004, to the date of satisfaction. The plaintiff shall not recover attorney's fees or costs. The executor shall distribute the remaining assets in the decedent's

82:

estate to the appropriate parties in accordance with this Opinion and Order and the laws of intestate succession. Nothing further remaining to be done with this case, it is hereby removed from the docket.